[Civ. No. 7619.   Third Dist.   Mar. 28, 1949.]

J. P. THOMAS et al., Appellants, v. PACIFIC GREY-HOUND LINES (a Corporation) et al., Respondents.

Alfred E. Frazier for Appellants.

Goldstein, Barceloux & Goldstein for Respondents.

PEEK, J.—This is a motion by respondents to dismiss the appeal taken by plaintiffs from a judgment entered in an action brought by them to recover damages for personal injuries arising out of a collision between an automobile in which they were riding and a bus owned and operated by respondents. The motion, which has not been opposed by plaintiffs, is predicated on rules 5(c) and 10(a) of Rules on Appeal and is supported by the certificate of the clerk of the superior court as required by rule 42, Rules on Appeal.

■ The pertinent facts disclosed by the clerk's certificate are that judgment in favor of respondents was entered upon the verdict of the jury on May 22, 1948; that appellants' motion for a new trial was denied on July 12, 1948; that notice of appeal from the judgment of May 22, 1948, was filed on August 10, 1948; that notice to prepare the record on appeal was filed on August 10, 1948, and that the clerk served notice of estimated cost of preparing the record on August 21, 1948, but that neither the cost thereof was paid nor were arrangements made therefor as of the date of the clerk's certificate which is dated November 1, 1948.

Rule 5(c) of Rules on Appeal provides that the notice of appeal shall be ineffective unless the appellant shall make arrangements with the clerk for the payment of the cost of preparing the transcript within 10 days after notification from the clerk of his estimate thereof. Rule 10(a) of Rules on Appeal in effect provides in part that if an appellant fails to perform any act necessary to procure the filing of the record as provided in said rules, and such failure is the fault of appellant and no other person, the appeal may be dismissed on motion of respondent or by the reviewing court.

Viewing the facts set forth in the clerk's certificate in light of the foregoing rules it is quite obvious that appellants are in default.

It necessarily must follow that where, as in the instant case, an appellant has neither requested to be relieved of his default nor filed any matter in opposition to respondent's motion to dismiss, entitling him to relief, there remains no alternative but to dismiss the appeal.

The respondents' motion is granted, and the appeal is dismissed.

Adams, P. J., and Thompson, J., concurred.